DILLON v. MORAN.

1. NUISANCE—UNDERTAKING ESTABLISHMENT IN RESIDENTIAL DIS-
   TRICT—LOSS BY ADJOINING PROPERTY OWNERS.
     In a suit by a property owner to enjoin the establishment
     of an undertaking business in a purely residential dis-
     trict, evidence *held*, ·to show that plaintiff would suffer
     material pecuniary loss if defendant is permitted ·to carry
     out his purpose.

2. SAME—EVIDENCE SHOWS DISTRICT TO BE RESIDENTIAL.
     Evidence *held*, to sustain plaintiff's claim that the district
     in question is a purely residential one, although outside
     of it business has crept in and become the predominant
     factor.

3. SAME—INTRUSION OF UNDERTAKING ESTABLISHMENT IN RESI-
   DENTIAL DISTRICT MAY BE ENJOINED.
     While an undertaking establishment is not a nuisance
     *per se*, it becomes such by intrusion into a strictly resi-
     dential district, and its establishment therein may be
     enjoined.

4. SAME — ESTABLISHED UNDERTAKING BUSINESS IN RESIDENTIAL
   DISTRICT MAY NOT BE DISTURBED.
     Since an undertaking business is not a nuisance *per se*,
     where one has been allowed to establish itself and carry
     on business as such in a residential part of town, its
     continuance may not be disturbed.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted October 22, 1926.    (Docket No. 134.)    De-
cided December 8, 1926.

Bill by Michael W. Dillon against A. O. Moran and
others to enjoin the maintenance of an undertaking
establishment in a residential district.    From a de-
cree for plaintiff, defendant Moran appeals.    Affirmed.

[1]Nuisances, 29 Cyc. p. 1247; [2]Id., 29 Cyc. pp. 1183 (Anno),
1247; [3]Id., 29 Cyc. pp. 1183, 1220; [4]Id., 29 Cyc. p. 1183; 31 L. R.
A. (N. S.) 608; L. R. A. 1918A, 829; 23 A. L. R. 745; 26 A. L.
R. 952; 20 R. C. L. 455; 3 R. C. L. Supp. 1075; 5 R. C. L. Supp.
1108.

*Groesbeck, Sempliner, Kelly & Baillie (A. C. Stell-wagen,* of counsel), for plaintiff.

*O. K. Underwood,* for appellant.

FELLOWS, J.  Plaintiff's home is located on West Grand boulevard between Fort and Lafayette in the city of Detroit.  This block is over a quarter of a mile long and is one of the older residential districts of Detroit.  Plaintiff built his home there about a third of a century ago on a lot having a frontage of 100 feet and has since lived there.  Adjoining him is the Howe homestead, so-called, which for many years was occupied by Mr. Howe and after his death by his family as a home.  It has a frontage of 96 feet.  Defendant Arthur O. Moran, who will hereafter be referred to as, defendant (the other defendants being nominal), recently purchased the Howe homestead for the purpose of remodeling it and there conducting an undertaking establishment.  When he commenced the work this bill was promptly filed to restrain such use.  From a decree for plaintiff, defendant appeals.

We are satisfied that plaintiff would suffer material pecuniary loss if defendant should be permitted to convert the Howe homestead into an undertaking establishment.  The real estate experts called by plaintiff vary in their estimates; the lowest being 20 per cent. and the highest being 50 per cent.  As plaintiff's home is worth at least $60,000 it will be seen that the loss would be substantial.  In the main, defendant's testimony was directed towards combating the plaintiff's claim that the district is a residential one.  Upon this question we agree with the trial judge that plaintiff has fully sustained his claim.  The question for decision is not what is the condition of districts north or south or east or west of this district, but what is the character of the particular district involved.  The fact that business has reached

the district does not establish that it has entered it.
The testimony and the photographs introduced in evi-
dence are convincing that the district is a strictly
residential district.      There are many substantial
homes, some single dwellings, some duplexes and some
apartments; a few roomers are taken, and some of the
places are rented, although in the main the homes are
occupied by their owners.      The particular district
here involved has retained its residential character
although outside of it in some directions business has
crept in and become the predominant factor.      It is
utterly impossible to distinguish the instant case from
*Saier* v. *Joy,* 198 Mich. 295 (L. R. A. 1918A, 825).
In that case it was held that while an undertaking
establishment was not a nuisance *per se,* it became
such by intrusion into a strictly residential district.
We there granted injunctive relief and in answer to
some of defendant's contentions here, we call atten-
tion to the fact that plaintiff Saier in that case was the
owner of an apartment house where he lived and others
of plaintiffs took roomers in their homes.      This did
not deprive the district of its residential character
and make it a business district and as such open to
the conduct of an undertaking business.      When that
case was written there were but few cases on the
subject, but it has been cited and followed in *City of
St. Paul* v. *Kessler,* 146 Minn. 124 (178 N. W. 171);
*Meagher* v. *Kessler,* 147 Minn. 182 (179 N. W. 732);
*Osborn* v. *City of Shreveport,* 143 La. 932 (79 South.
542, 3 A. L. R. 955); *Cunningham* v. *Miller,* 178
Wis. 22 (189 N. W. 531, 23 A. L. R. 739).      The
same doctrine was announced in *Beisel* v. *Crosby,* 104
Neb. 643 (178 N. W. 272), and the supreme court of
Washington, in *Goodrich* v. *Starrett,* 108 Wash. 437
(184 Pac. 220), reaffirmed its adherence to the rule
announced in *Densmore* v. *Evergreen Camp No. 147,*
61 Wash. 230 (112 Pac. 255, 31 L. R. A. [N. S.] 608,

Ann. Cas. 1912B, 1206), upon which case we there relied.

The decree will be affirmed, with costs of this court.

BIRD, C. J., and SHARPE, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred with FELLOWS, J.

SNOW, J. *(concurring).* Funeral homes, during recent years, in great numbers have been removed from the business sections of cities, and have become established in purely residential districts.

An undertaking business is not a nuisance *per se,* and where one has been allowed to establish itself and carry on business as such in a residential part of a town no one may disturb its continuance. It must not be understood that any one, at any time, can complain of a funeral home in a residential section and compel its removal.

With this addition, I concur in the opinion of Mr. Justice FELLOWS in all respects.

BIRD, C. J., and SHARPE, CLARK, and MCDONALD, JJ., concurred with SNOW, J.