.MOORE v. JOHNSON.

1. NUISANCE—COMMERCIAL GARAGE—RESIDENTIAL DISTRICT.

In an action for damages to plaintiff's residential property resulting from defendant's maintenance of an alleged nuisance in the nature of a commercial garage, evidence *held*, sufficient to show that the locality of plaintiff's residence is not strictly and exclusively residential, and therefore she is not entitled to the same protection from the encroachment of business activities as if it were.

2. SAME—COMMERCIAL GARAGE IN SEMI-BUSINESS DISTRICT NOT A NUISANCE PER SE ALTHOUGH DETRIMENTAL TO RESIDENCE.

The erection of a commercial garage in a semi-business district does not in and of itself constitute a nuisance, nor may the carrying on a garage business there in a regular and ordinary way be made the basis of recovery, notwithstanding it may have been detrimental to the plaintiff's residential property.

3. LIMITATION OF ACTIONS—RECOVERY FOR DAMAGES CAUSED BY NUISANCE LIMITED TO THREE YEARS PRECEDING ACTION.

Under 3 Comp. Laws 1915, § 12323, in an action for damages to residential property resulting from the maintenance of a nuisance, recovery is limited to the three years next preceding the bringing of the action.

Error to Gratiot; Moinet (Edward J.), J. Submitted October 4, 1928. (Docket No. 51, Calendar No. 33,297.) Decided December 4, 1928.

Assumpsit by Eva Moore against Cecil Johnson for damages caused by the maintenance of an alleged nuisance. Judgment for defendant. Plaintiff brings error. Affirmed.

*Mathews & Greene,* for appellant.

*Charles H. Goggin,* for appellee.

NORTH, J. This is a suit in assumpsit to recover damages which the plaintiff alleges she has sus-

Garage as nuisance, see annotation in L. R. A. 1917E, 369; 50 A. L. R. 107.

tained by reason of injuries to her property resulting from a nuisance for the maintenance of which the defendant was responsible. A jury tried the case and rendered a verdict in favor of the defendant. The plaintiff reviews by writ of error.

For many years Mrs. Eva Moore, the plaintiff, owned and occupied as a dwelling the premises known as lot No. 10 of James Kress addition to the city of Alma, Michigan. This property fronts east on Park avenue. Next south of it is a corner lot belonging to the defendant which faces Superior street on the south. This lot is 72 feet by 165 feet, and was vacant prior to 1920. At that time the defendant caused to be constructed upon his lot a brick building 70 feet wide and 155 feet in length, the same being located adjacent to the sidewalk lines on each of the two streets. The front 30 feet is used for a show-room incident to the business of a Ford sales agency, and the remainder of the building is used for automobile storage and a commercial garage. The rear or northerly end of this building is 10 feet from the north line of the lot and 29½ feet from plaintiff's dwelling. There are large windows in this end of the garage, which, during the summer time, are kept open for ventilation. The service entrance is on the Park avenue side and about 20 feet from the northeast corner of the building. The gist of Mrs. Moore's complaint is that this building as constructed shuts off the view from her dwelling towards Superior street and interferes with the ventilation and sunlight on the southerly side of her residence; that the business carried on at the garage produces great and unbearable noise in and about her residence both day and night; that offensive and poisonous odors, smoke and gases are discharged from defendant's premises which render her property undesirable for residence purposes; that cars,

trucks, and tractors coming to this garage produce a noisy and congested condition in the street adjacent to plaintiff's property and create a litter, commotion, and dangerous condition; and that the sidewalk and street adjacent to the garage are besmeared with grease and oil; and disabled and dismantled vehicles at the rear of defendant's premises render the same unsightly, all to the damage of plaintiff's property. From the time the defendant's building was completed it has been used as a salesroom and garage by him or his tenants. At the time this suit was started the sales agency and garage were operated by the Rademacher Motor Sales Company, which occupied these premises as lessee.

The plaintiff sought to have this case submitted to the jury under her claim that the construction of the building itself as a garage in a residential locality might be found to be a nuisance. This contention is stated in the appellant's brief as follows:

"It isn't because of the particular manner in which the garage is operated at any particular time. We complain of the garage as a nuisance.   *   *   * Because the placing of a garage in a residential district, operated as a garage is ordinarily operated, becomes a nuisance."

The trial court refused to submit the case to the jury on this theory, and instructed the jury:

"That the mere erection of the building to be used as a garage did not constitute a nuisance;" and the operation of a garage "can only become so (a nuisance), when operated in such an unreasonable and unusual manner, different than public garages are usually operated, that it may become a nuisance."

Numerous assignments of error are based upon this holding of the court. It becomes important to consider whether the property in this locality is primarily residential. It is entirely free from building

restrictions. Much space is devoted in the record and briefs to setting forth the conditions surrounding these lots and bearing upon the question as to this being a strictly residential locality. No attempt will be made to review the details of the record, but it is sufficient to say it conclusively appears that the locality is not strictly and exclusively residential. Superior street, on which defendant's building faces, is referred to in appellant's brief as "the main thoroughfare of the city." Two of the State trunk lines of travel traverse the street at this point. Three of the corners at the intersection of Park avenue and Superior street are occupied for business purposes. From this point in an easterly direction Superior street is principally devoted to business purposes, and it is only two or three blocks to the center of the business district. A little over a block to the west are the tracks of the Pere Marquette railroad and of the Ann Arbor railroad. And in this general locality there is a freight house, a wholesale grocery warehouse, coal yards, etc. Before the defendant constructed his garage, the building on the opposite side of Park avenue, which was originally a skating rink and is referred to in the record as the "cement barn," was used as a commercial garage, and in 1920 it was in use as a bus station. Thus it will be seen that the plaintiff is not justified in claiming that her home is located in a strictly residential district, but, instead, her property is in what must be called at least a semi-business district and immediately adjacent to and unfortunately in the rear of property primarily suited for business purposes. It is therefore obvious that the plaintiff cannot claim for her property the same protection from the encroachment of business activities that she might claim were it in restricted territory or in a strictly residential district. *Lansing* v. *Perry,* 216 Mich. 23, and cases

cited. There is no force in plaintiff's contention that the erection of the defendant's building as a commercial garage in this locality in and of itself constituted a nuisance; nor can it be said that carrying on a garage business there in a regular and ordinary way can be made a basis of recovery in this suit notwithstanding it may have been detrimental to plaintiff's property. Under this record the trial court was justified in so holding as a matter of law and in refusing to submit these issues to the jury as questions of fact.

The remaining question of importance is whether the plaintiff's contention that this garage as operated constituted a nuisance was fairly submitted to the jury. Assignments of error are based on the ruling and charge of the court:

"That the ordinary operation of a public garage is not a nuisance *per se,* that is, in and of itself, and can only become so when operated in such an unreasonable and unusual manner different than public garages are usually operated, that it may become a nuisance."

In this connection the court also charged the jury:

"In the eyes of the law, no place can be convenient for the carrying on of a business which is a nuisance, and which causes substantial injury to the property of another. Nor can any use of one's own land be said to be reasonable which deprives an adjacent owner of the lawful use and enjoyment of the property. * * * As to what constitutes a nuisance must depend largely upon the locality of the plaintiff's residence, as to whether or not it is located within or in close proximity to the business district of the city of Alma. * * * In passing upon the question of whether or not it was a nuisance, as I say, take in consideration the facts and circumstances surrounding the entire matter. * * * If,

under the rules I have given you, you find that the defendant and his tenants operated that garage in such a manner by the noise, the smoke, the gases and the vapor, and the unusual hours at night when noise was had in there, and testing motors, and racing motors, and other machinery in operation there, and that those noises were there as claimed by the plaintiff, and that she in her home suffered inconvenience, and discomfort, and annoyance in the occupancy and the use of her home, then the defendant would be guilty of maintaining a nuisance and the plaintiff would be entitled to such damages as I shall charge you later on she would be entitled to recover. So that is the first question for you to determine under the charge I have given; was it a nuisance; was it operated in such a manner that it became a nuisance and thereby injured the plaintiff and her property."

Considering the charge as a whole, we are of the opinion that it was fully as favorable to the plaintiff as could be asked. With the case thus submitted, the jury found against her on the issues of fact.

Complaint is also made by the appellant because the trial judge confined the right of recovery, if any, to the three years next preceding the bringing of the suit. In view of the verdict, which indicates that the plaintiff failed to establish the alleged nuisance, this assignment becomes inconsequential; but it may be noted that the ruling was correct. 3 Comp. Laws 1915, § 12323; *Hoffman* v. *Railroad Co.,* 114 Mich. 316. See, also, 29 Cyc. p. 1261.

Other assignments of error contained in the record have been given consideration, but we find in them nothing that indicates the plaintiff did not have a fair trial of the issues involved.

The judgment of the lower court is affirmed, with costs to the appellee.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.