(126 So. 864)

## LAUGHLIN, WOOD & CO. v. COONEY et al.

### 8 Div. 154.

Supreme Court of Alabama.

March 13, 1930.

Lanier & Pride, of Huntsville, and O. D. Street & Son, of Birmingham, for appellant.

Robert C. Brickell, of Huntsville, for appellees.

558

BROWN, J. (after stating the case as above).

We concur in the conclusion of the learned trial judge that the fact that one or more of the residences in the neighborhood have been, in part, converted into apartments to be used as places of residence, and that one is used as a boarding house, is not such a change as to deny to the district, in which appellant proposes to establish and conduct its undertaking business and funeral parlor, the character of a strictly residential district. Saier v. Joy, 198 Mich. 295, 164 N. W. 507, L. R. A. 1918A, 825.

The question argued and presented for decision on this appeal is not that such business is a nuisance per se, but whether it becomes a nuisance when it intrudes into and is conducted in such residential district?

Appellant's contention is that it does not, unless it is so negligently conducted as to become offensive to the material hurt of persons residing in the immediate neighborhood of the business; that is, it may become a nuisance per accidens.

This question has had full consideration on two appeals in Higgins v. Bloch, 213 Ala. 209, 104 So. 429, and Higgins & Courtney v. Bloch et al., 216 Ala. 153, 112 So. 739, where it was ruled contrary to appellant's contention; and after careful consideration we are unable to differentiate the case now presented in principle or fact from that case.

And in a more recent case the same principle was applied in respect to the business of operating a gasoline filling station and repair shop in a residential district of the city of Mobile, where it was observed: "It is suggested in the brief for defendant (appellee) that his place can only become a nuisance by reason of the future operation of his proposed business therein, and that complainant's application for relief is premature and should be deferred until such time as the court may be informed as to the manner in which defendant's business at the place in question will be conducted. This is to ignore the location and the court's common knowledge of the inevitable consequences to follow upon the conduct of the business which defendant proposes to carry on, however well conducted, not to mention the specific averments of the bill. And in this connection it was incumbent on complainant to consider whether, if he stood by, without protest or preventive action, and allowed defendant to construct his building; which, we may assume, would be peculiarly and expensively adapted to the conduct of the proposed business, he would then be estopped to deny defendant's right." Bloch et al. v. McCown et al., 219 Ala. 656, 123 So. 213, 215.

The law in respect to nuisances rests upon the maxim of the common law, sic utere tuo ut alienum non laedes—every man must so use his own property as not to interfere with that of his neighbor—which enters into, and in a sense qualifies the rights incident to, the ownership of all property. Farris & McCurdy v. Dudley, 78 Ala. 127, 56 Am. Rep. 24; Kinney v. Koopman & Gerdes, 116 Ala. 310, 22 So. 593, 37 L. R. A. 497, 67 Am. St. Rep. 119.

While it must be conceded that the business of conducting funeral parlors is a lawful business and necessary to the proper care and disposition of the dead, nevertheless the fact remains that its inherent nature is such, if located in a residential district, it will inevitably create an atmosphere detrimental to use and enjoyment of residence property, produce material annoyance and inconvenience to the occupants of adjacent dwellings, and render them physically uncomfortable, and in the absence of a strong showing of public necessity, its location in such district should not be allowed to protrude into such residential district over the protests of those who would be materially injured thereby. Bloch et al. v. McCown et al., supra; English v. Progress Electric Light & Motor Co., 95 Ala. 259, 10 So. 134; Grady v. Wolsner, 46 Ala. 381, 7 Am. Rep. 593; Hundley v. Harrison et al., 123 Ala. 292, 26 So. 294; Cunningham et al. v. Miller et ux., 178 Wis. 22, 189 N. W. 531, 23 A. L. R. 739; Saier v. Joy, 198 Mich. 295, 164 N. W. 507, L. R. A. 1918A, 825.

We deem this sufficient to indicate that we are of opinion that the ruling brought here for review was not affected with error, and the order and judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.