## DUTT v. FALES.

NUISANCE—FUNERAL HOME—INJUNCTION DENIED.
  In suit to restrain establishment of funeral home across the
  street from plaintiff's residence in semi-residential district,
  decree dismissing bill without prejudice to commencement of
  new suit should manner of conducting funeral home prove
  detrimental to health, comfort, and welfare of plaintiff and
  his family, *held*, justified on the record.

Appeal from Ionia; Searl (Kelly S.), J., presiding. Submitted April 11, 1930. (Docket No. 87, Calendar No. 34,796.) Decided June 2, 1930.

Bill by Walter Dutt against J. Bruce Fales. and another to restrain the operation of a funeral home. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Eldred & Gemuend,* for plaintiff.

*Watt & Colwell* and *George E. Nichols,* for defendants.

NORTH, J. This is an injunction suit wherein plaintiff seeks to restrain the defendants from establishing and operating a "funeral home" located across the street from plaintiff's residence in the city of Belding. Plaintiff is a physician, and his residence is located at the northwest corner of Washington and Bridge streets. Defendants' property is located at the southwest corner. The residence of another physician is located on the southeast corner, and a combination residence and photograph gallery on the northeast corner. Main street in Belding runs east and west, parallel with Wash-

Undertaking establishment as a nuisance, see annotation in L. R. A. 1918A, 825; 23 A. L. R. 745; 43 A. L. R. 1171.

ington street and two blocks north of it. In the first block north of Washington street and immediately north of plaintiff's property is a dwelling and next a Ford garage. On the opposite side of Bridge street in this block is the combined residence and photograph gallery; next north of this a vacant lot beyond which is a private residence. In the remaining block intervening between these properties and Main street there are business places only on both sides of Bridge street. Both Washington and Bridge streets are paved at their intersection. It is obvious that the properties of these litigants are located in a semi-residential district; and the circuit judge so found. It is at the edge of territory which is being invaded by business properties.

After a hearing in open court the circuit judge denied the relief sought by plaintiff and entered a decree dismissing the bill of complaint. Plaintiff has appealed. From the record, which we have carefully considered, it appears that no one except plaintiff and his wife seem to have a grievance because of the use that the defendants have made or propose to make of their property as a funeral home. Even plaintiff seems to base his claim of relief largely upon the ground that the use of the defendants' property as a funeral home causes his wife to be nervous and depressed, which in turn disturbs Dr. Dutt. It also appears that the number of funeral services conducted by the defendant during the course of a year is comparatively small. It is stipulated in the record by plaintiff that he is not contending "that Mr. Fales is not a properly qualified embalmer or that he is not handling his business in a sanitary way. Neither are we making any claim that the odors emanating from the funeral home are oppressive to us." Defendants' property has been occupied by

them for a number of years as a residence; and it is
in connection with their residence that they have
been and propose to conduct their funeral home.
Its exterior appearance as a residence will not be
changed except by the display of a "Funeral Home."
sign. The testimony supports the finding of the cir-
cuit judge from which we quote the following:

"The principal reason advanced at the trial why
the court should now enjoin defendants from using
this funeral home longer is that the plaintiff's wife
is a sensitive, nervous woman; and that she is an-
noyed and depressed by the use of this home for
funerals. No proof was made of any damage be-
cause of decreased value of plaintiff's premises, and
outside of the testimony of Dr. Pinkham, who was
one of the original plaintiffs (but later withdrew
from the case), no evidence was offered to show that
any of the other residents of Belding are making any
objection to the use of defendants' home for funerals.
No claim is made of offensive odors, nor of any other
annoyance, except as above, and the fact that there
may be some congestion and some noise on account
of these funerals. The fact that there may be some
congestion and some noise is not sufficient to stamp
this place as a nuisance. The case then gets down to
the proposition of whether the court should restrain
the further use of this funeral home because one
nervous, sensitive woman will be annoyed unless
such restraint is imposed."

Plaintiff relies largely upon *Saier* v. *Joy*, 198
Mich. 295 (L. R. A. 1918A, 825), and *Dillon* v. *Moran*,
237 Mich. 130; but it seems clear to us that the facts
presented in these cases are very different from
those in the instant case; particularly as to the char-
acter of the locality involved, the extent of the com-
plaint made, and in that we here have no proof of
depreciation of value in plaintiff's property. In the
*Joy Case* the Saier property was located only 13½

feet from that of defendant; while these buildings are separated by a street, and there is an intervening space of 129 feet. Obviously it was the close proximity of the respective properties that caused the court in the *Joy Case* to say: "We are not so well satisfied that noxious odors will not escape defendants' premises." In the instant case plaintiff has stipulated that he has no complaint of this character.

In disposing of controversies where injunctive relief has been sought under somewhat similar circumstances this court has said:

"While the court of equity has power to abate nuisances in protection of property rights, and to conserve the enjoyment, health, comfort, and welfare of individuals, it moves with caution, deciding each case upon its particular facts, and accords protection against injury only in cases where an action at law would afford no adequate redress." (Quoting syllabus.) *Adams* v. *Kalamazoo Ice & Fuel Co.*, 245 Mich. 261.

See, also, *Lansing* v. *Perry,* 216 Mich. 23; and *Moore* v. *Johnson,* 245 Mich. 173.

Further discussion of the facts and issues involved would be of no benefit to the profession. We are satisfied that the circuit judge arrived at the right conclusion in dismissing plaintiff's bill of complaint, such dismissal being "without prejudice to the commencement of a new suit at any time when the manner of conducting this funeral home results in a state of affairs which is detrimental to the health, comfort, and welfare of plaintiff and his family." The decree entered is affirmed, with costs to appellees.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.