## KUNDINGER *v.* BAGNASCO.

1. NUISANCE—DISEASE—ODORS—FUNERAL HOME—INJUNCTION.

It is not necessary to show danger from disease or unpleasantness of odors arising from the maintenance of a funeral home in order to enjoin it.

2. SAME—INJUNCTION—DAMAGES—MENTAL PAIN AND SUFFERING—FUNERAL HOME IN RESIDENCE SUBDIVISION.

Emotions caused by the constant contemplation of death, as well as the realization that the bodies of deceased persons are often, if not continuously, on premises used as a funeral home, constitute mental pain and suffering as elements of damage in the eyes of the law in suit to restrain, as a nuisance, the operation of a funeral home in a subdivision long devoted to residence purposes.

3. SAME—FUNERAL HOME—RESIDENCE SUBDIVISION.

Operation of a funeral home would be a nuisance in a subdivision containing 30 lots, all of which had been limited to residential use by the plattor with the exception of two corner lots and one conveyed· after plattor's death and another one used as an office by a florist's association with written consent of owners of all the other homes.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 16, 1941. (Docket No. 84, Calendar No. 41,331.) Decided June 2, 1941.

Bill by Clara C. Kundinger and Amanda Richter against Bessie Bagnasco, individually and as administratrix of the estate of Frank Bagnasco, deceased, to restrain the use of property as a funeral home. Decree for plaintiff. Defendant appeals. Affirmed.

Liability for damages for a nontrespassory invasion of another's interest in the private use and enjoyment of land, as distinguished from remedy by way of injunction, see 4 Restatement, Torts, § 822 *et seq.*

*Charles L. Goldstein,* for plaintiff Clara C. Kundinger.

*Kurt J. Kremlick,* for defendant.

McALLISTER, J. Plaintiff Kundinger filed her bill of complaint to restrain defendants from using property as a funeral home. From a decree granting an injunction, defendants appeal.

The property of plaintiff Kundinger and of defendants is located in Detroit in Linden Lawn subdivision, which comprises one square block. All of the structures thereon situated are residential homes of fine appearance that are described, in the language of the trial court, as pretentious and costly. The subdivision was platted in May, 1898, and, although the plan disclosed no restrictions, all, except three of the 30 lots, were conveyed with limitations on their use for residential purposes. Lots 1 and 2 are at the corner of Kercheval and East Grand boulevard, and because of the nature of the district, other than in the subdivision at this point, it doubtlessly was the intention of Mary Field, the plattor, to leave these lots without restrictions. Lot 17 is also without restriction of record, which may be due to the fact that the plattor had died at the time the deed was given, and conveyance was made by her administrator. On defendants' lots there appeared restrictions in prior deeds, and when they purchased their property in 1936, all of the houses in the subdivision were being occupied as residences with the exception of one. This latter, formerly a large and beautiful home, was being used by the Florists Telegraph Delivery Association as an office, but this was only by virtue of permission of the owners of all the other homes, who had signed written consent to such a use. The house on defendants' property, at

the time they purchased it, was, and still is, a stately, pretentious residence. Shortly after they bought the property, they started alterations and erected a sign stating that the premises would be used in the future as a funeral home. It was this fact that caused plaintiff to file her bill of complaint.

The only question before us is whether the use of the premises for a funeral home is a nuisance that should be enjoined; and we concur in the opinion of the circuit court that it is such a nuisance.

The subdivision is strictly residential, except for the florists' office mentioned; and the fact that the other owners permitted such an office in the block does not change the residential character of the subdivision. It requires no expert opinion to reach the conclusion that a funeral establishment, as a constant reminder of death, has a depressing influence upon most people. Funerals, hearses, coffins, the keeping of dead bodies on the premises, the comings and goings of bereaved persons, are conducive to depression and sorrow and deprive a home of the comfort and repose to which its owners are entitled. It is not necessary to show danger from disease or unpleasantness of odors arising from the maintenance of such a business in order to enjoin it. *Arthur* v. *Virkler,* 144 Misc. 483 (258 N. Y. Supp. 886); *Williams* v. *Montgomery,* 184 Miss. 547 (186 South. 302). Emotions caused by the constant contemplation of death, as well as the realization that the bodies of deceased persons are often, if not continuously, on such premises as those here in question, are more acute in their painfulness, in many cases, than suffering perceived through the senses; and mental pain and suffering are elements of damage, in the eyes of the law. Where there can be said to be a long-established residential district, such as in this case, the intrusion of the funeral business

therein will be restrained as a nuisance by injunction. See *Saier* v. *Joy,* 198 Mich. 295 (L. R. A. 1918 A, 825); *Dillon* v. *Moran,* 237 Mich. 130.

The decree of the circuit court is affirmed, with costs to plaintiffs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.