REISER *v.* OSBORN.

[No. 17,221. Filed March 13, 1944. Rehearing Denied April 27, 1944.]

*John B. Dilworth,* of La Porte, for appellant.

*Kenneth D. Osborn,* of La Porte, (*Lee L. Osborn,* of La Porte, of counsel), for appellee.

FLANAGAN, J.—Appellee brought this action to enjoin appellant from using certain premises in La Porte, Indiana, for a funeral home and undertaking business.

The complaint was in two paragraphs, one the ordinary action to abate a private nuisance, the other based on a zoning ordinance of the City of La Porte. Consideration of the paragraph based on the zoning ordinance is not necessary to our conclusion.

The court found the facts specially, stated its conclusions of law thereon and rendered judgment for appellee. On this appeal appellant challenges the sufficiency of the evidence and the correctness of the conclusions of law.

Pertinent facts as found by the court are as follows:

Prior to October, 1942, the 1200 block on Michigan Avenue, which extends from Osborn Street on the north to Alexander Street on the south, had been exclusively a residential district of the City of La Porte. The improvements on both sides of the street consist of large single dwelling houses and large single dwelling houses that have been converted into two or more apartments, except for a church edifice located at the northeast corner of Michigan and Alexander Streets, fronting on Michigan.

The building sought to be used by appellant for a funeral home is located on the southwest corner of Michigan and Osborn Streets, is situated on a lot with a frontage on Michigan of 162.8 feet, and is known as

1202 Michigan Avenue. It is a large colonial brick building fronting Michigan Avenue, standing approximately ten feet from the sidewalk, with a high front porch and colonial pillars. A garage 30 x 50 feet faces Osborn Street back of the main structure.

Appellee is the owner of an undivided one-third of a vacant lot having a 92 foot frontage immediately south of 1202 Michigan Avenue. On the opposite side of the street, and immediately north of the church, the first 30 foot frontage is owned by appellee's wife and the next 90 foot frontage by appellee. On the lot with this frontage of 120 feet is located a large dwelling which has been converted into a three-room apartment house. Appellee occupies the rear apartment on the ground floor.

In October, 1942, appellant moved into 1202 Michigan Avenue and has since there maintained his business as an embalmer, undertaker and funeral director. All funeral equipment and cars are kept in the garage facing Osborn Street. He maintains a sign 8 x 50 inches on the front of the building which reads, "Reiser's Funeral Home" and which is illuminated at night from the rear with ten-watt electric bulbs.

The funeral home can be seen from appellee's home, although the view is partially obstructed by large maple trees along Michigan Avenue. The location and operation of the undertaking business conducted by appellant has a depressing effect upon the plaintiff, is offensive to his senses, essentially interferes with the comfortable enjoyment of his life and property, and injuriously affects the value of his real estate.

Appellant objects to the finding of the court as to the effect of his business on appellee because of the fact that appellee's home is located nearly 400 feet from appellant's place of business and his view is partially

obstructed. Appellant further says that there is no evidence that the operation of his business would have such effect on a normal person. We cannot agree with appellant. The evidence is ample to justify the finding that a normal person living where appellee maintains his home would be so affected.

The pertinent facts as found by the trial court and hereinabove recited are very similar to the facts in the case of *Albright* v. *Crim* (1933), 97 Ind. App. 388, 185 N. E. 304, and on authority of that case we conclude that the trial court did not err in its conclusions of law.

Judgment affirmed.

NOTE.—Reported in 53 N. E. (2d) 545.