48 So.2d 26

### MUTUAL SERVICE FUNERAL HOMES v. FEHLER et al.

### 6 Div. 981.

Supreme Court of Alabama.

June 22, 1950.

Rehearing Denied Oct. 26, 1950.

364

S. A. Lynne, of Decatur, for appellant.

Finis E. St. John, of Cullman, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrers of Mutual Service Funeral Homes, a corporation (appellant), to the bill of complaint of George Fehler and others (appellees). The purpose of the bill is to enjoin the establishment, maintenance or operation of a funeral parlor or undertaking establishment in a residential section in the City of Cullman, Alabama.

The allegations of the bill show in substance that the respondent purchased· certain lots on the corner of Young Street and Fourth Avenue East in the City of Cullman, which were owned and occupied as a residence by Emil W. Buettner, and is preparing to convert the residence upon the lots into an undertaking establishment or funeral parlor, that the property involved is. located in an area of the City of Cullman which is and has been an exclusively residential area since the founding of the city, some of the finest homes of the city being therein located.

The bill further shows in substance that the homes of the complainants are situated in the foregoing residential area, some on Young Street and some on Second Avenue East. Some of these homes are immediately across the street from the site of the proposed establishment and all are in such proximity to the proposed establishment as to have a clear view thereof. The bill further shows in substance that from such proposed establishment a great many funerals for the dead are conducted, such services being of almost daily occurrence and at which grief stricken relatives and friends are present. The services are conducted audibly with the usual solemnities, that bodies of the dead are brought in day and night from hospitals for the purpose of being embalmed or disinfected and returned to homes or shipped to other cities, that the blood and effluvia emanating from corpses in preparation for embalming or for burial and from which emanate foul odors have to be handled and disposed of on such premises, that the odors are blown to adjacent ·premises, that bereaved relatives often by day and night give way to paroxysms of grief and lamentations that

are plainly heard by those living near such establishments, that there is constant traffic bringing in or taking out bodies of the dead and as a result thereof there is an ever present and pervading feeling of the presence of death and the nearness of the dead, that the premises are so situated and in such proximity to complainants' residences that they will inevitably be forced to be aware of all such acts and occurrences and the effect thereof through the senses, of seeing, hearing and smelling, that the matters and things enumerated are recurring and that the complainants have no adequate remedy at law.

The bill further alleges in substance that the matters set forth in the bill constitute an anticipated nuisance and violate the property rights, personal rights and will endanger the health of complainants, their families and other nearby residents, that such condition will be continuous or recurring and complainants have no adequate remedy at law but are entitled to have respondent restrained from converting the residence which he purchased into an undertaking establishment and from maintaining and operating a funeral parlor or undertaking establishment, that prior to the consummation of the purchase by the respondent of the foregoing property complainants by and through their authorized agent notified the respondent that the establishment, maintenance and operation of such an establishment by the respondent on the property here involved would be vigorously resisted by them but that notwithstanding such notice and protest, respondent through its officer declared its intention to proceed with such establishment.

The demurrer attacks the bill on a number of grounds among others that the offensive and objectionable conditions enumerated in the bill do not necessarily or naturally obtain with reference to the proposed establishment, that the business sought to be restrained is not per se obnoxious but only may become so according to its use and the lack of scientific and proper treatment and that the homes of complainants are not so adjacent to the proposed establishment as to warrant equitable interference.

The averments of the bill in the case at bar closely follow the allegations of the bill which was held good in the case of Higgins v. Bloch, 213 Ala. 209, 104 So. 429, 432. It may be that the residence of one of the complainants in that case was in closer proximity to the proposed establishment than the homes of the complainants in the present case. We think, however, that such proximity is alleged in the present case as to uphold the equity of the bill. In the foregoing case this court said:

"Under the facts averred in this cause, which are admitted under demurrer, we must and do hold the business proposed to be established by respondents at this place, in close proximity to the homes of complainants, which is in an exclusive, popular, and long-established residential district, and the manner in which the business is to be maintained and carried on there, will make it a nuisance. It will injure the value of the property of complainants as homes. It will inconvenience, disturb, and discomfort complainants, or any ordinary, reasonable man, in using and occupying their respective residences as homes. These injuries and inconveniences will be in their nature continuous or constantly recurring. Hence injunction is a proper remedy for complainants to seek."

The law of Alabama as announced in the foregoing decision was followed in Laughlin, Wood & Co. v. Cooney, 220 Ala. 556, 126 So. 864, 865. In the case here mentioned it was contended that the proposed business was not a nuisance per se but would only become a nuisance when the establishment was so obnoxiously and improperly used as to cause the institution to develop into an actual nuisance. This court said:

"The question argued and presented for decision on this appeal is not that such business is a nuisance per se, but whether it becomes a nuisance when it intrudes into and is conducted in such residential district?

\*　　\*　　\*　　\*　　\*　　\*　　\*

"While it must be conceded that the business of conducting funeral parlors is a lawful business and necessary to the proper care and disposition of the dead, never-

theless the fact remains that its inherent nature is such, if located in a residential district, it will inevitably create an atmosphere detrimental to use and enjoyment of residence property, produce material annoyance and inconvenience to the occupants of adjacent dwellings, and render them physically uncomfortable, and in the absence of a strong showing of public necessity, its location in such district should not be allowed to protrude into such residential district over the protests of those who would be materially injured thereby. * * *"

In accordance with the foregoing authorities we think the court acted correctly in overruling the demurrers to the bill of complaint.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.